the new partner invested the $25,000, and became a member of the bankrupt firm. In any event, if there is any doubt as to the construction of the testimony, it did not meet the burden of proof which claimant was required to carry successfully before he could establish his claim. It is plain as a fair inference from the testimony of Gash that he did not rely upon any representation as to present worth and that Garfinkel did not make any such representation. The circumstances were such that the statement of Garfinkel cannot be construed as a continuing representation to justify the conclusion that Gash relied upon any representation as to the then financial condition of the new bankrupt firm on February 24th or 25th.

It is sufficient to cite In re B. & R. Glove Corporation (C. C. A.) 279 Fed. 372, as a recent review of some features of this recurring question of representations as to financial condition by failing debtors.

We take this opportunity of expressing gratification in respect of the brief record and briefs of both counsel, as well as of the fact that counsel, who argued the case for the trustees, is himself one of the trustees and by this course has saved the estate the expense of counsel fees in a proceeding which we think presents a single and simple question.

Order affirmed with costs.

---

### PENNSYLVANIA R. CO. v. CROUSE.

(Circuit Court of Appeals, Sixth Circuit. February 6, 1923.)

No. 3746.

1. **Evidence ⬳591—Plaintiff not bound by testimony of witness.**

Plaintiff in action against railroad for damages for death of intestate on track was not bound by testimony of one of her witnesses that intestate entered on the track at a time when the approaching car was only 30 feet from him, but was entitled to go to the jury upon the theory that this witness was mistaken and upon inferences which might rightly be drawn from plaintiff's other testimony and from defendant's testimony.

2. **Railroads ⬳383(1)—Not imperatively negligence for licensee to walk on track without looking back.**

There is no rule of law which imperatively makes it negligence for a licensee walking along a railroad track to neglect to look back during a period of six or eight seconds if the track behind him was clear when he entered upon it.

3. **Trial ⬳281—General exception not good unless entire charge bad.**

A mere exception by defendant to a charge on last clear chance, covering a page of the record and involving several points, was not good unless the entire charge on such subject was bad, and it could not be considered unless there was nothing in the record justifying any submission to the jury upon that theory.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Nettie A. Crouse, administratrix of the estate of Elmer H. Crouse, deceased, against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Union C. DeFord, of Youngstown, Ohio (Harrington, DeFord, Huxley & Smith, of Youngstown, Ohio, on the brief), for plaintiff in error.

E. H. Moore, of Youngstown, Ohio (Moore, Barnum & Hammond and Beard & Beard, all of Youngstown, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. Crouse was run over by a car of the railroad company and killed. His administratrix recovered a judgment in the court below. The railroad company seeks a reversal upon two grounds only: First, that Crouse's contributory negligence was so clear as to require an instructed verdict for the defendant; and, second, that the court gave erroneous instruction in submitting to the jury the rule of last clear chance.

[1, 2] A witness for the plaintiff, who saw the occurrence, testified that Crouse stepped upon the railroad track and turned to the right, and walked along thereon without looking to the left, or back, and entered on the track at a time when the approaching car was only 30 feet from him; but this is not the whole case. Plaintiff was not bound by this testimony in any arbitrary way, but was entitled to go to the jury upon the theory that this witness was mistaken, and upon inferences which might rightly be drawn from plaintiff's other testimony and from defendant's testimony. From these it might be inferred that Crouse, like others, was licensed to use this railroad track as a walk to a factory close by; that the car had been kicked upon this side track, proceeding at a speed of 25 or 30 miles an hour; that when Crouse stepped upon the track, the approaching car was not visible—being hidden by buildings—and that he was hit within 6 or 8 seconds after he turned along the track. There is no rule of law which imperatively makes it negligence for a licensee, walking along a railroad track, to neglect to look back during a period of 6 or 8 seconds, if the track behind him was clear when he entered upon it.

[3] It is a theoretical possibility upon the record—though it seems improbable—that plaintiff recovered in spite of Crouse's contributory negligence, and upon the rule of the last clear chance. Upon this subject the court gave a charge covering a page of the record and involving several points. The defendant merely excepted to the charge on this subject. The exception was not good, unless that part of the charge was all bad; and it cannot be so considered, unless there was nothing in the record justifying any submission to the jury upon that theory. The claim that there was nothing does not appear to have been made to the District Judge, but, if it was, it could not be successfully maintained. The evidence which most strongly tended to show Crouse's contributory negligence also tended to show that the car was moving slowly; that there was a considerable time, after the brakeman on the moving car saw Crouse and his danger, within which time the brakeman might have stopped the car; but that he did not promptly enough try to do so. In the aspect of the evidence most favorable

to support a recovery on this theory, there was a case for submission to the jury.

The judgment is affirmed.

## PNEUMATIC SCALE CORPORATION, Limited, v. MAINWARING.

(Circuit Court of Appeals, Second Circuit. January 2, 1923.)

No. 113.

1. Jury ⊚⟶28(12)—Consent order for reference held sufficient waiver of jury.

An order reciting that the parties had waived a jury and referred the issues to an attorney as auditor to take proofs and report, to the entry of which the attorneys for both parties consented in writing, is equivalent to the written consent of the parties waiving a jury, required by Rev. St. 649 (Comp. St. § 1587).

2. Reference ⊚⟶102(5)—Referee's findings approved by court become findings of trial court.

Where, in an action at law, testimony is taken before a referee who is authorized merely to report to the court, the findings of the referee, if confirmed, become the findings of the court.

3. Appeal and error ⊚⟶850(2)—Question of fact cannot be reviewed on writ of error.

Findings in an action at law in which a jury was waived have the effect of a verdict, and the Circuit Court of Appeals on writ of error in such case cannot review disputed questions of fact.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Harry W. Mainwaring against the Pneumatic Scale Corporation, Limited. Judgment for plaintiff, and defendant brings error. Affirmed.

Roswell S. Nichols, of New York City, for plaintiff in error.

Austin, McLanahan & Merritt, of New York City (Walter Gordon Merritt, of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. The District Court made an order in which, after reciting that the parties had waived a jury, it was provided that the issues be referred to an attorney "as auditor to take proof thereof, with power to rule on the admissibility of evidence, subject to review by the court or on appeal and that said auditor report thereon to this court with all convenient speed, returning with his report the minutes of the hearings before him, and that the matter be then brought on for further hearing and such further order and judgment as to this court may seem just and proper."

[1] To the entry of the order supra the attorneys for both parties consented in writing, and we regard this written consent as compliance with R. S. 649; U. S. Comp. Stat. § 1587.

We construe this order as one for a reference by consent, and we regard the use of the word "auditor" instead of "referee" as a mat-

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes